IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| PETER ROTHING, | CV 13-00086-BU-CSO |
| Plaintiff, | |
| vs. | **ORDER** |
| MARTY LAMBERT, JOE SKINNER, STEVE WHITE, HOLLY BROWN, and JOHN BROWN, | |
| Defendants. | |

Plaintiff Peter Rothing ("Rothing") claims that Defendants conspired to violate his civil and constitutional rights during state court litigation. *ECF 1–Complaint.*[1]

The following motions are pending:

(1)    Defendants Holly Brown and John Brown's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (*ECF 5*);

(2)    Defendants Lambert, Skinner and White's Motion to Dismiss for Insufficient Service of Process (*ECF 7*);

(3)    Rothing's Motion for Request for Counsel pursuant to

---

[1]The ECF citation refers to the document as it is numbered in the Court's electronic filing system.  Citations to page numbers refer to those assigned by the ECF system.

1

Fed.R.Civ.P. 83.6(4)(b)(1) (*ECF 11*);

(4)     Rothing's Motion for Entry of Default (*ECF 12*);

(5)     Rothing's "Combined Motion to Seek Determination and/or Declaration of Legal Rights, Status or other Legal Relations" (*ECF 23*); and

(6)     Rothing's Motion to Supplement Pleadings pursuant to Fed.R.Civ.P. Rule 15(d) (*ECF 28*).

Having considered the parties' arguments and submissions, the motions to dismiss and motion to supplement will be granted; the motions for request of counsel, for entry of default judgment, and for declaration of rights will be denied.[2]

## I.     MOTION TO SUPPLEMENT PLEADINGS

Rothing moves pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to supplement his pleadings in order to set out transactions and events that occurred after his initial pleading. *ECF 28–Motion to Supplement.* Although all the information in the motion to supplement appears to have occurred prior to the filing of the original Complaint,

---

[2]Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and upon written consent of the parties, this matter has been assigned to the undersigned for all further proceedings including entry of judgment. *ECF 27–Notice of Assignment to U.S. Magistrate Judge.*

the Court will grant the motion to supplement. *See* Fed.R.Civ.P. 15(a).
In ruling on the other pending motions, the Court has considered the
supplemental information.

## II.  BACKGROUND

Rothing filed a number of cases in state district court in Gallatin
County in 2011 and 2012.  His lawsuit in this Court concerns the
dismissal of four of those state court actions between June 2013 and
November 2013. *ECF 1–Complaint at 9*.  Rothing filed one case in
Judge Holly Brown's court and three, somewhat related, cases in Judge
John Brown's court.  After both courts denied requests for hearings on
procedure, Rothing sent letters to the courts questioning whether he
was being treated fairly.  He questioned Judge Holly Brown because
there had been a 15-month delay in deciding a motion to dismiss.
Rothing alleges this delay gave the appearance of impropriety, bias, and
prejudice. *ECF 1–Complaint at 11*.  Rothing's letter to Judge John
Brown questioned whether Rothing was being denied fairness and due
process. *ECF 1–Complaint at 11*.

Within five days of Rothing sending these letters, Judge Holly

Brown filed a 32-page Order which Rothing contends was filled with errors, illegal, malicious, arbitrary, and capricious. He alleges she "regurgitated" every misleading, wrongful, illegal, unconstitutional, and malicious "spoliation of the evidence" which the County Attorney and County Commissioners had supplied. Rothing alleges that despite contrary evidence in his state court filings, Judge Holly Brown "parroted" back the County's evidence as justification for her ruling that Rothing was not entitled to access to the judicial system, thus denying him his Fifth and Fourteenth Amendment rights to due process. *ECF 1–Complaint at 11*.

Rothing alleges the Commissioners and the County Attorney showed their culpability with their constant "spoliation of the evidence" through their dishonest, malicious, and misleading claims which the Judges chose to accept. He provides the following examples of what he calls "spoliation of evidence": (1) the County argued that Rothing failed to exhaust his administrative remedies by not applying for a variance when the court record showed that he had applied for such a variance (*ECF 1–Complaint at 12; ECF 28–Supplement at 2*); (2) the County

4

asserted that Rothing's Complaint was about him paying his property taxes (*ECF 28–Supplement at 2*); (3) that Skinner, White and Lambert made the false assertion that all of Rothing's complaints revolved around an adverse decision of the flood plain administrator in 2009 and were therefore time barred when his claims were actually constitutional claims (*ECF 28–Supplement at 3*); and (4) that Skinner, White and Lambert made false assertions that Rothing had no inverse condemnation claim because he had no protected property interest requiring compensation under the Fifth Amendment. *ECF 28–Supplement at 4.* Rothing argues these assertions can be proven false by his complaints and the supporting evidence. *ECF 28–Supplement at 2, 4.*

Rothing alleges Judge John Brown maliciously connived and conspired with the other Defendants in rendering a predetermined ruling to attempt to deny Rothing his First Amendment right to access the judicial system. Judge John Brown allegedly made the arbitrary and capricious decision to dismiss Rothing's cases based on the arbitrary and capricious decisions of Judge Holly Brown. Judge John

Brown also allegedly "parroted" back the maliciously false and misleading assertions submitted by the Gallatin County defendants. *ECF 1–Complaint at 12.*

Rothing alleges Defendants violated his constitutional rights under the First, Fifth, and Fourteenth Amendments. He alleges he was discriminated against due to his status as a self-represented litigant. He alleges that the Defendants committed violations of 18 U.S.C. § 2381 – treason, 18 U.S.C. § 2382 – misprision of treason, 18 U.S.C. § 2383 – rebellion or insurrection, 18 U.S.C. § 1503 and 18 U.S.C. § 1505 – protection of government processes – omnibus clause, 18 U.S.C. § 241 – civil rights conspiracy statute, 18 U.S.C. § 242 – deprivation of rights under color of law, 42 U.S.C. § 1983 – civil rights violations by government employee, 42 U.S.C. § 1985 – conspiracy to interfere with civil rights, and 42 U.S.C. § 1986 – action for neglect to prevent conspiracy. He alleges Defendants connived "to make a predetermined ruling against me, in the underlying cases, such that I would be prevented access to the judicial system and/or put in a situation wherein, due to the known propensity of a guild mentality amongst the

judiciary, if remanded, would preclude me from getting a fair trial on the merits of the underlying cases." *ECF 1–Complaint at 9.*

For his relief, Rothing requests that all his underlying cases be settled against the defendants and that he be granted the payment of damages he requested in the underlying suits. He also asks for the imposition of fines, prison terms, and punitive damages. *ECF 1–Complaint at 16.*

## III.  JUDGE HOLLY BROWN & JUDGE JOHN BROWN'S MOTION TO DISMISS

### A.  Parties' Arguments

Judge Holly Brown and Judge John Brown argue this Court does not have subject matter jurisdiction over Rothing's challenges to state court decisions based upon the *Rooker-Feldman* doctrine. *ECF 6–Mtn to Dismiss.* In response, Rothing argues that his claims in this case are completely separate from the issues in his underlying state cases because they allege a conspiracy on the part of the defendants. *ECF 16–Response to Mtn to Dismiss at 2.* He argues that the underlying cases are based on different issues. He argues that his alleged conspiracy charge, committed after the fact, is not part of the original

cases. *ECF 16–Response to Mtn to Dismiss at 3.*

B.    <u>Legal Standard</u>

Judges Holly Brown and John Brown move to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(1) which authorizes a court to
dismiss claims over which it lacks proper subject matter jurisdiction.
When a defendant challenges jurisdiction "facially," all material
allegations in the complaint are assumed true, and the question for the
court is whether the lack of federal jurisdiction appears from the face of
the pleading itself. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.
2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.
2004). However, courts do not accept the truth of legal conclusions
merely because they are cast in the form of factual allegations. *Doe v.
Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

C.    <u>Discussion</u>

Federal district courts do not have appellate jurisdiction over state
court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi
Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker– Feldman*
doctrine forbids a losing party in state court from filing suit in federal

district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011).[3] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint

---

[3]The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

must invite the district court to review and reject the judgment of the state court.  *Exxon Mobil Corp.*, 544 U.S. at 284.

Here all factors are met.  First, Rothing lost in state court prior to filing of this case.  Indeed, the basis of Rothing's claims is the dismissal of his state court actions.  According to the Montana Supreme Court website, Rothing has filed five appeals:  *Rothing v. Gallatin County*, DA 13-0520 (appeal filed August 7, 2013, appealing judgment entered June 11, 2013, was affirmed February 11, 2014);  *Rothing v. Gray*, DA 13-0578 (appeal filed August 30, 2013, appealing judgment entered August 20, 2013, was affirmed February 11, 2014);  *Rothing v. O'Callaghan*, DA 13-0579 (appeal filed August 30, 2013, appealing judgment entered August 20, 2013, was affirmed February 11, 2014); *Rothing v. Gallatin County*, DA 13-0599 (filed September 9, 2013, appealing judgment entered August 20, 2013, is not yet decided by Montana Supreme Court); and *Rothing v. Gallatin Co., et al.*, DA 13-0842 (filed December 19, 2013, appealing judgment entered December 5, 2013 judgment, is not yet decided by Montana Supreme Court).  Rothing's claims in this Court involve his four state cases which were dismissed between June

and November of 2013.  *ECF 1–Complaint at 9.*

The Ninth Circuit Court of Appeals has held that the filing of a federal suit before state court appeals have concluded "cannot be enough to open the door for a federal district court to review the state court decisions." *Marciano v. White*, 431 Fed.Appx. 611, 613 (9th Cir. 2011).  Thus, state court decisions "are sufficiently final to support the dismissal of the federal court action under *Rooker-Feldman*." *Id.*; *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir. 1986);  *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).[4] Accordingly, the first two factors have been met.

The third factor is also met because Rothing's alleged injuries

---

[4]There is a split in the circuits regarding whether a state court judgment on appeal is sufficiently final for *Rooker-Feldman* purposes. *See Nicolson v. Shafe*, 558 F.3d 1266 (11th Cir. 2009) (*Rooker-Feldman* doctrine did not divest district court of subject matter jurisdiction over action where plaintiffs filed federal action on same date they appealed adverse jury verdict in state court action); *Dornheim v. Sholes*, 430 F.3d 919 (8th Cir. 2005) (*Rooker-Feldman* doctrine did not apply to deprive district court of jurisdiction over civil rights claims that were intertwined with state court custody and child deprivation proceedings where state court appeals were not complete at time federal suit was commenced).

were caused by the state court judgments. Rothing's complaint is that the Judges ruled against him and adopted the positions of the defendants. He complains that the Judges failed to do their job in discerning the maliciously false and misleading arguments made by the county defendants. His alleged injury is that his state court cases were dismissed and that he was not allowed to litigate them further.

Lastly, the relief Rothing seeks in this case is a declaration that the judgments in the state cases are void and that defendants should have to pay him the amount he was seeking in his state court cases. He is asking this Court to reject and reverse the state court judgments, something this Court does not have jurisdiction to do.

Rothing's claims against the Judge Holly Brown and Judge John Brown are barred by the *Rooker-Feldman* doctrine. Therefore, this Court does not have jurisdiction over the claims against them.

Even if Rothing's claims against the judges were not barred by *Rooker-Feldman,* the judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial

capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991). In ruling on motions in Rothing's state court cases, the judges were clearly acting in their judicial capacities and within their jurisdiction and thus are immune from suit. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

## IV.  DEFENDANTS LAMBERT, SKINNER, AND WHITE'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE

### A.  Parties' Arguments

Defendants Lambert, Skinner, and White argue that the Complaint should be dismissed against them without prejudice for insufficient service of process. *ECF 7*. They contend that in order for a Federal Court to have jurisdiction over a defendant, the defendant must be properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure. *ECF 7 citing Alikhan v. Bayview Loan Servicing, LLC*, 2012 WL 6771852, *3 (D.Mont. 2012)(*citing Direct Mail Specialists, Inc. V. Eclat Computerized Techs, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). Rothing mailed his Complaint to Defendants via certified mail. These Defendants argue this is not a method prescribed by Rule 4, therefore, Rothing failed to properly serve the Complaint. *ECF 7*.

In response, Rothing states that prior to filing his Complaint, he downloaded the forms for pro se litigants, supplied by the Court. The information contained, therein, stated that the Complaint could be served on the defendants by mail.[5] When Rothing could not find a place on the proof of service form to indicate that service of process was by mail, he called the Clerk of Court to verify that service by mail was still acceptable. In that conversation, the clerk agreed that the form lacked a box to check for service by mail. Rothing alleges the clerk suggested that he check the box for "other" and indicate service by mail. Rothing's proof of service indicates that he served the complaint by certified mail. *ECF 4–Summons returned executed.*

The filed version of Rothing's response to the Motion to Dismiss for Failure to Effectuate Service is only two pages. *ECF 13– Response to Mtn to Dismiss.* According to Defendants' response filed January 10, 2014, they were served with "the entirety" of Rothing's response but an

_____

[5]Rothing does not indicate specifically what form stated a complaint could be served by mail. None of the pro se forms provided on this Court's website state that service of a complaint (without being accompanied by a request for waiver of service) by U.S. Mail constitutes proper service.

incomplete brief of only two pages was actually filed with the Court.

*ECF 18–Mtn to Dismiss Reply at 2.* Rothing has failed to submit anything further to the Court despite this discrepancy being brought to his attention by opposing counsel.

B.   <u>Legal Standard</u>

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. Once service is challenged, a plaintiff bears the burden of establishing that service was valid. *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004). If a plaintiff fails to timely serve an opposing party, the court may either dismiss the action without prejudice as to that defendant or direct the plaintiff to effect service within a specified time. Fed.R.Civ.P. 4(m). Where the plaintiff demonstrates good cause for his failure to effect service, the court must extend the time for service. *Id.* Absent a showing of good cause, it is within the court's discretion whether or not to extend time. *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004).

C.    <u>Discussion</u>

"Rule 4 of the Federal Rules of Civil Procedure governs the commencement of an action and the service of process." *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999 (9th Cir. 2007).  Fed.R.Civ.P. 4(d) allows a plaintiff to notify a defendant that an action has been commenced and to request that the defendant waive service of summons.  This can be accomplished by United States mail. Personal service of an individual within a judicial district of the United States is governed by Fed.R.Civ.P. 4(e) which provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Montana law, service of process is to be made to the defendant personally or by mailing a copy of the summons and complaint along with two copies of a "Notice of a Lawsuit and Request to Acknowledge and Waive Service of a Summons" to the defendant. M.R.Civ.P. 4(d).

Rothing has failed to show that he complied with the Fed.R.Civ.P. 4 as to Defendants Lambert, Skinner, and White. The summons and complaint were sent to these defendants by certified mail. *ECF 4*. Service by mail does not satisfy the requirement for serving an individual under Rule 4(e) of the Federal Rules of Civil Procedure. Furthermore, Rothing's service did not comply with Montana service rules. Although Montana state law allows for service of summons by mail, such service is only valid if a copy of the summons and complaint are accompanied by copies of the notice and acknowledgment of receipt of summons. M.R.Civ.P. 4(d). Defendants contend, and Rothing does not dispute, that Rothing did not provide Defendants with copies of the notice and acknowledgment of receipt of summons.

The Court recognizes that Rothing is proceeding pro se but that does not excuse him from compliance with the Federal Rules of Civil

Procedure. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Regardless of Rothing's conversation with the Clerk of Court's office, and even though he is proceeding pro se, he is charged with knowledge of the Federal Rules of Civil Procedure. It is his obligation to comply with the rules and he has not done so.

Since Rothing's service by certified mail does not satisfy Rule 4 or Montana service rules, he has not effected service on these Defendants. The motion to dismiss for insufficient service of process will be granted but Rothing will be allowed additional time to serve these Defendants.

## V.   **MOTION FOR REQUEST FOR COUNSEL**

### A.   Parties' Arguments

Rothing files his motion for appointment of counsel pursuant to what he refers to as Fed.R.Civ.P. 83.6(4)(b)(1). As there is no Federal

Rule of Civil Procedure 83.6, the Court assumes Rothing is bringing his motion pursuant to Local Rule 83.6(b)(1) which provides that counsel may be appointed on a pro se party's motion for the appointment of counsel. Rothing contends appointment of counsel will benefit him and the Court in the speedy, fair, and equitable adjudication of this matter. He contends counsel will aid the Court through the correct and timely submission procedures, discovery procedures, and the rules of evidence with which Rothing is unfamiliar. *ECF 11*.

In response, Defendants object to the appointment of counsel arguing that Rothing's claims lack merit, the case is not sufficiently complex, and Rothing is an experienced pro se litigant. *ECF 20*.

B.  Discussion

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490

U.S. 296, 310 (1989).

Here, Rothing is not proceeding in forma pauperis and there is no other basis upon which to appoint counsel. In addition, he has demonstrated the ability to prepare and present his case without counsel. The motion for appointment of counsel will be denied.

## VI. **MOTION FOR DEFAULT JUDGMENT**

A.  Parties' Arguments

Rothing argues that Defendants Lambert, Skinner, and White are in default because they filed but did not serve him with a copy of their Motion to Dismiss on December 18, 2013. He contends the law is clear and the entry of default judgment is mandatory. *ECF 12*.

Defendants Lambert, Skinner, and White admit that, due to their unfamiliarity with this Court's rules regarding *pro se* litigants, they failed to serve Rothing with a copy of their Motion to Dismiss. In a December 30, 2013 telephone conversation with Rothing, counsel for these Defendants apologized for the confusion and offered to send Rothing a copy of the motion via e-mail. Rothing indicated he would prefer to receive a hard copy via United States mail. A copy of the

motion was mailed to Rothing on December 30, 2013. *ECF 17 at 2-3*.

On that same day, Defendants filed a notice regarding giving Rothing

an extension of time to respond to the Motion to Dismiss. *ECF 9–Notice*

*re: Extension*. Although the Court granted Rothing until January 17,

2014 to file a response to the motion to dismiss *(ECF 14)*, he filed his

response to the motion the same day as the order granting the

extension. *ECF 13*.

    B.   <u>Discussion</u>

    Rule 55 of the Federal Rules of Civil Procedure proscribes a two-

step process for entry of default judgment. First, Rule 55(a) dictates

that "when a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown

by affidavit or otherwise, the clerk must enter the party's default."

Fed.R.Civ.P. 55(a). Thereafter, Fed.R.Civ.P. 55(b) proscribes the

process by which default judgment is entered, either by the clerk if the

claim is for an amount certain, or by the Court.

    The motion for entry of default judgment will be denied. First, as

set forth above, Defendants Lambert, Skinner, and White were not

properly served with the Complaint and are therefore not under the jurisdiction of this Court.

Second, even if Rothing had properly effected service of process on November 27, 2013 (the date these Defendants received the Complaint via certified mail), this Court could not enter default judgment against these Defendants because they timely <u>filed</u> a Motion to Dismiss for Insufficient Service of Process on December 18, 2013 (within 21 days of their receipt of the Complaint). *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action)).

Rule 55(a) of the Federal Rules of Civil Procedures was amended in 2007 to delete the words "as provided by these rules." This eliminated the implication that default should be entered even if a party did something showing an intent to defend, but that act was not specifically described by the rules. Acts that show an intent to defend have frequently prevented default and this Rule was amended to reflect this meaning. *See* Fed.R.Civ.P. 55(a), 2007 Advisory Committee's Note.

Even though Counsel did not simultaneously serve a copy of the Motion to Dismiss on Rothing, the filing of that motion clearly showed an intent to defend. The motion for entry of default judgment (*ECF 12*) will be denied.

## VII.  <u>MOTION FOR DECLARATION OF LEGAL RIGHTS</u>

### A.  <u>Parties' Arguments</u>

Rothing's motion is difficult to understand but he seems to object to Judges Holly Brown and Jim Brown being represented by the Assistant State Attorney General at taxpayers' expense. He petitions the Court to determine the validity of these seemingly illegal actions and to obtain a declaration of the rights of the taxpayers. *ECF 23*.

Defendants argue that Rothing's motion fails to meet the criteria under the Montana Uniform Declaratory Judgment Act and that act is procedural for purposes of *Erie v. Tomkins*, 304 U.S. 64 (1938) and therefore cannot be plead in this federal action. *ECF 25–Opposition to Mtn for Declaration of Legal Rights; ECF 26–Judges' Response Brief.*

### B.  <u>Discussion</u>

Rothing's motion is a request for a declaratory judgment regarding

the state of Montana's scheme for payment of litigation expenses of state employees. The Court has previously determined that the judges' motion to dismiss must be granted and therefore Rothing's Motion for Declaration of Rights will be denied.

**IT IS ORDERED** that:

1. Defendants Holly Brown and John Brown's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (*ECF 5*) is GRANTED.

2. Defendants Lambert, Skinner and White's Motion to Dismiss for Insufficient Service of Process (*ECF 7*) is GRANTED. The Court will allow Rothing sixty days from the date of this Order to file proof of proper service upon these Defendants.

3. Rothing's Motion for Request for Counsel pursuant to Fed.R.Civ.P. 83.6(4)(b)(1) (*ECF 11*) is DENIED.

4. Rothing's Motion for Entry of Default Judgment (*ECF 12*) is DENIED.

5. Rothing's "Combined Motion to Seek Determination and/or Declaration of Legal Rights, Status or other Legal Relations" *(ECF 23)*

is DENIED.

6.  Rothing's Motion to Supplement Pleadings pursuant to

Fed.R.Civ.P. Rule 15(d) (*ECF 28*) is GRANTED.

DATED this 24th day of March, 2014.

   **/s/ Carolyn S. Ostby**   
United States Magistrate Judge