IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| PETER ROTHING, | CV 13-00086-BU-CSO |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| MARTY LAMBERT, JOE SKINNER, and STEVE WHITE, | |
| Defendants. | |

Plaintiff Peter Rothing ("Rothing") has filed a Motion for Clarification (*ECF 34*), a Motion to Supplement Pleadings (*ECF 35*), a Motion to Conform Pleadings to the Evidence (*ECF 36*), and a Motion for Reconsideration (*ECF 37*).

## I. MOTION FOR CLARIFICATION

Rothing indicates he is confused with regard to the Court's reference to an incomplete brief in its Order of March 24, 2014 and asks "what remedy the court seeks." *ECF 34 at 2*. The Court has ruled on Defendants Lambert, Skinner and White's Motion to Dismiss for Failure to Effectuate Service taking into consideration Rothing's response as filed. The motion was granted on March 24, 2014, and

1

Rothing has until June 6, 2014 to file proof of proper service upon these Defendants. Except for filing proof of proper service, nothing further is required of Rothing in this respect.

In his motion, Rothing indicates he does not have access to the electronic record because he is a self-represented litigant. This is incorrect. Rothing can view the electronic record via the internet or at any of the federal courthouses in Montana. The Administrative Office of U. S. Courts provides a system called PACER - Public Access to Court Electronic Records. It can be accessed at [www.pacer.gov.](www.pacer.gov.) More information about the PACER system is available at the Court's website [www.mtd.uscourts.gov](www.mtd.uscourts.gov). In addition, Rothing was given notice of his right to consent to electronic service of documents, another method by which he would receive electronic copies of all documents filed in his case (including his own filings). *ECF 15–Notice and Consent to Electronic Service.* The Clerk of Court will be directed to provide Rothing another copy of this document.

## II.  MOTION TO SUPPLEMENT and MOTION TO CONFORM

The Court has construed Rothing's Motion to Supplement (*ECF*

*35*) and Motion to Conform Pleadings to the Evidence (*ECF 36*) as motions to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading only with the opposing party's written consent or leave of court. Rothing indicates that opposing counsel objects to his motions, therefore, he needs leave of court to amend his pleadings.

Leave to amend should be given freely when justice so requires. Fed.R.Civ.P. 15(a)(2). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (*citing Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

Local Rule 15.1 requires that when a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit. Rothing has not complied with this rule, making it impossible to determine precisely what additions he

is seeking to make to his pleadings.  He appears to be rearguing his general allegations that the named Judges engaged in misconduct during his state court proceedings.  Rothing argues that the Judges violated the Code of Judicial Conduct *(ECF 35–Mtn to Supplement at 2)* and failed to follow the State Handbook for self represented litigants and the National Bench Guide.  *ECF 37–Brief in Support of Mtn to Conform at 1-3.*

The March 24, 2014 Order dismissed the Judges based on the *Rooker-Feldman* doctrine and judicial immunity.  *ECF 31–March 24, 2014 Order at 7-13.*  Nothing in Rothing's current filings disrupts this finding.  He continues to challenge judicial actions for which the Judges have judicial immunity.  *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).  Any amendment seeking to bring additional claims against the Judges for actions taken in the course of their official duties are futile.  The Motion to Supplement (*ECF 35*) and the Motion to Conform Pleadings to the Evidence (*ECF 36*) will be denied.

### III.  MOTION FOR RECONSIDERATION

Local Rule 7.3(a) requires parties to obtain leave of court prior to

filing any motion for reconsideration. Accordingly, Rothing's Motion for Reconsideration will be treated as a motion for leave to file a motion for reconsideration and as such it is denied.

Local Rule 7.3(b) requires that motions for leave to file a motion for reconsideration must meet at least one of the following two criteria:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>
> (2) new material facts emerged or a change of law occurred after entry of the order.

Rothing has made no such showing. His current motion simply restates his prior arguments which is a violation of Local Rule 7.3(c) which provides:

> No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

There is no showing of materially different facts or law or that new material facts have emerged or that there has been a change in the law.

The Judges have been dismissed on the grounds of the *Rooker-Feldman* doctrine and judicial immunity (not qualified immunity which is discussed in Rothing's brief). These are questions of law to be determined by the Court. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). The Motion for Reconsideration will be denied.

**IT IS ORDERED:**

1. Rothing's Motion for Clarification (*ECF 34*) is DENIED as MOOT.

2. Rothing's Motion to Supplement (*ECF 35*) is DENIED.

3. Rothing's Motion to Conform Pleadings to the Evidence (*ECF 36*) is DENIED.

4. Rothing's Motion for Reconsideration (*ECF 38*) is DENIED.

5. The Clerk of Court is directed to provide Rothing with a copy of the Notice and Consent to Electronic Service. *ECF 15*.

DATED this 16th day of May, 2014.

                                                  /s/ **Carolyn S. Ostby**
                                                  United States Magistrate Judge