IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| PETER ROTHING, <br><br> Plaintiff, <br><br> vs. <br><br> MARTY LAMBERT, JOE SKINNER, and STEVE WHITE, <br><br> Defendants. | CV 13-00086-BU-CSO <br><br> **ORDER** |

Plaintiff Peter Rothing ("Rothing") claims that Defendants conspired to violate his civil and constitutional rights during state court litigation. *ECF 1–Complaint*.[1] Now pending is Defendants Marty Lambert, Joe Skinner, and Steve White's (hereinafter "Defendants") Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. *ECF 41*.[2]

---

[1] The ECF citation refers to the document as it is numbered in the Court's electronic filing system. Citations to page numbers refer to those assigned by the ECF system.

[2] Pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and upon written consent of the parties, this matter has been assigned to the undersigned for all further proceedings including entry of judgment. *ECF 27–Notice of Assignment to U.S. Magistrate Judge*.

1

I. **BACKGROUND**

The background of this case was fully set forth in the Court's Order of March 24, 2014. *ECF 31*. The parties being well aware of the facts in this matter, they will not be repeated herein.

II. **MOTION TO DISMISS FOR LACK OF JURISDICTION**

A. Parties' Arguments

Defendants Lambert, Skinner, and White (hereinafter "Defendants") argue this Court does not have subject matter jurisdiction over Rothing's challenges to state court decisions based upon the *Rooker-Feldman* doctrine. *ECF 42–Brief in Support of Mtn to Dismiss*.

Rothing does not provide a substantive argument addressing the merits of Defendants' motion. Rather, he attacks the judicial system including this Court and appears to concede the motion stating:

> Due to the already shown propensity of this Court to deny "the spirit of the law", and the letter of the law, in regard to handling SRLs in favor of its own brand of "creatively" interpreting the law and pre-judging the controversy to be determined; whether, or not, the defendants' actions fit the crime, as determined by a jury, the plaintiff, due to the ever-increasing fragile nature of his health, will not burden this court with the need to publicly display, again, its

unethical and amoral bias and prejudice against SRLs.

*ECF 43–Response to Mtn to Dismiss at 4-5.*

Further, he states:

> With no hope for justice plaintiff will not contest the inevitably biased and prejudicial, forthcoming, ruling of this amoral court. Grant the defendants' motion with the knowledge that by your acts you have contributed to the destruction and, essentially, the murder by infliction of emotional distress of an innocent man and his family who only sought to be treated fairly by the judicial system.

*ECF 45–Response to Mtn to Dismiss at 5.*

B.    <u>Legal Standard</u>

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts, however, do not accept the truth of legal conclusions merely because

3

they are cast in the form of factual allegations. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

C. Discussion

Defendants argue that Rothing has not directly addressed the bases of their pending motion and that he therefore appears to concede that it should be granted. *ECF 45 at 2*. Because Rothing does not expressly concede that the motion should be granted, however, the Court will address the merits of the motion.

Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker–Feldman* doctrine, the United States Supreme Court made clear that a losing party in state court may not file suit in federal district court complaining of an injury caused by a state court judgment and obtain federal court review and rejection of that judgment. *Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011).[3] This

---

[3]The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

4

jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here all factors are met. Rothing lost in state court prior to the filing of this case. Although some of Rothing's underlying cases were on appeal at the time he filed this action, those cases have now been

affirmed on appeal.[4] Moreover, this Court found in its prior Order that a state court judgment on appeal is sufficiently final for *Rooker-Feldman* purposes. *ECF 31–March 24, 2014 Order at 11*. Accordingly, the first two factors have been met.

The third factor is also met because Rothing's claims against these Defendants are inextricably intertwined with the state court orders of dismissal. Rothing's allegation that the Defendants conspired with the Judges in his underlying state cases to predetermine the outcome of those cases is an indirect collateral attack on the state court orders and judgments. *Rooker-Feldman* does not prevent a party from attacking opposing parties in state court proceedings or alleging that the methods

---

[4]According to the Montana Supreme Court website, Rothing has filed five appeals: *Rothing v. Gallatin County*, DA 13-0520 (appeal filed August 7, 2013, appealing judgment entered June 11, 2013, affirmed February 11, 2014); *Rothing v. Gray*, DA 13-0578 (appeal filed August 30, 2013, appealing judgment entered August 20, 2013, affirmed February 11, 2014); *Rothing v. O'Callaghan*, DA 13-0579 (appeal filed August 30, 2013, appealing judgment entered August 20, 2013, affirmed February 11, 2014); *Rothing v. Gallatin County*, DA 13-0599 (filed September 9, 2013, appealing judgment entered August 20, 2013, affirmed March 18, 2014); and *Rothing v. Gallatin Co., et al.*, DA 13-0842 (filed December 19, 2013, appealing judgment entered December 5, 2013 judgment, affirmed April 8, 2014). Rothing's claims in this Court involve his four state cases which were dismissed between June and November of 2013. *ECF 1–Complaint at 9*.

and evidence were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state court judgments into question. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). That, however, is not what Rothing alleges here. Rothing makes no plausible allegation that the judgments were obtained by fraud. While he makes conclusory allegations of "spoilation of evidence", lies, and improper conduct, he provides no factual allegations to support those statements. Rothing's only claim is that he lost in state court and the state court rejected his arguments and accepted Defendants' arguments. But that is what occurs in litigation. Typically, a judge or jury adopts the position of one party or the other. The mere fact that the Judges decided against Rothing in the state court cases does not make a plausible allegation of conspiracy. None of Rothing's arguments designed to take this case outside the *Rooker–Feldman* doctrine has the plausibility or even the detail in pleading which would bring them within the current standard for pleading a claim for relief in federal court. *See Iqbal*, 556 U.S. 662; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Lastly, the relief Rothing seeks is a declaration that the judgments in the state cases are void and that defendants should have to pay him the amount he was seeking in his state court cases. As such, he is asking this Court to reject and reverse the state court judgments, something this Court does not have jurisdiction to do. Simply put, this Court does not have the power to grant the relief Rothing seeks. Because Rothing's claims are barred by the *Rooker-Feldman* doctrine, this Court does not have jurisdiction over this case and there is no need to address Defendants' failure to state a claim arguments.

Accordingly, **IT IS ORDERED** that:

1. Defendants Lambert, Skinner and White's Motion to Dismiss (*ECF 41*) is GRANTED.

2. This matter is dismissed and the Clerk of Court is directed to entered judgment in favor of Defendants.

DATED this 11th day of June, 2014.

                                            /s/ Carolyn S. Ostby
                                           United States Magistrate Judge